Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1663 | **DATE** | 4/4/2002 |
| **CASE TITLE** | ELMER T. SANGLAP vs. LASALLE BANK, FSB | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. LaSalle's motion for fees as the prevailing party is denied. LaSalle's bill of costs is granted in part and denied in part. LaSalle is awarded a total of $3,160.25 in costs.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 0 5 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 100 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


DOCKETED
APR 0 5 2002

ELMER T. SANGLAP,

　　　　Plaintiff,

v.

LASALLE BANK, FSB,

　　　　Defendant.

No. 00 C 1663

Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

Plaintiff, Elmer Sanglap ("Sanglap"), sued Defendant, LaSalle Bank ("LaSalle"), for alleged intentional infliction of emotional distress and violation of the American with Disabilities Act ("ADA"). Judgment was entered for Defendant on both claims. Defendant has filed a motion for attorney fees as the prevailing party pursuant to the ADA and a bill of costs.

The district court has discretion to award fees to a "prevailing party" under the ADA. 42 U.S.C. § 12205. An award of fees to a prevailing defendant is appropriate only when the law suit was brought in bad faith or when it is frivolous, unreasonable, or without foundation. *Christiansburg Garment Co. v. EEOC*, 434, U.S. 412, 421-22 (1978) (*Christiansburg*); *Adkins v. Briggs & Stratton Corp.*, 159 F.3d 306, 307 (7th Cir. 1998) (*Adkins*). When applying these criteria, "it is important that a district court resist the ... temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 417. The fact that a

1

100

plaintiff advocates an inference that the court declines to adopt does not lead to the conclusion that the plaintiff acted without foundation. *EEOC v. Elgin Teachers Ass'n*, 27 F.3d 292, 295 (7th Cir. 1994).

Here, LaSalle contends that Sanglap's ADA claim was without foundation because he admitted that he did not inform LaSalle that he had epilepsy and he failed to present evidence that LaSalle had knowledge of his disability.

A defendant cannot take an action because of a disability in violation of the ADA unless the defendant has knowledge of such disability. *See Adkins*, 159 F.3d at 307; *Hedberg v. Indiana Bell telephone Co.*, 47 F.3d 928, 932 (7th Cir. 1995).

In the instant case, Sanglap did not inform LaSalle that he had epilepsy. However, unlike *Adkins,* where the plaintiff admitted that his employer knew nothing about his disability, Sanglap did not admit that LaSalle knew nothing about his disability. Rather, Sanglap contended, and attempted to prove through evidence, that Defendant knew of Sanglap's disability. This evidence included several "incidents" Sanglap experienced in the bank in which Sanglap was incoherent, unresponsive, and asked for "help". In one "incident", Sanglap was lying on the floor asking for help in an apparent need of medical attention, as evidenced by LaSalle calling an ambulance to the bank. Sanglap elicited testimony in support of his contention and vigorously argued this contention to the Court in his attempt to prove his ADA claim. The Court ultimately found that there was no legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff. However, based on the above, it cannot be said that Plaintiff brought his claim in bad

faith, frivolously, unreasonably, or without foundation. Accordingly, LaSalle's motion for fees pursuant to the ADA is denied.

LaSalle also seeks a total of $7,204.65 in costs pursuant to Federal Rule of Civil procedure 54(d).

"Costs ... shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (*Weeks*). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined -- the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945. A losing party may overcome this presumption by a showing of indigency. *McGill v. Faulkner*, 18 F.3d 456, 457 (7th Cir. 1994). However, actual indigency, not merely limited financial resources, must be demonstrated. *Craven v. City of Chicago*, 2001 WL 62573 (N.D.Ill. Jan. 25, 2001); *Falcon v. City of Chicago*, 2000 WL 1231403 (N.D.Ill. Aug. 28, 2000).

Sanglap has provided an affidavit in which he avers that he is unable to pay fees and costs. Sanglap's affidavit indicates that he is approximately $17,500 in debt. Arguably, Sanglap's affidavit demonstrates that he may be unable to presently pay for costs. However, the

affidavit fails to demonstrate actual indigency and his inability to pay costs now or in the future. Plaintiff lives with his cousin to whom he pays an unspecified amount of rent for his room. He has a net income of approximately $1,200 per month, a small amount of savings, and a retirement plan through his employer. *See Craven*, 2001 WL 62573 at * 1; *Falcon*, 2000 WL 1231403 at * 1.

Sanglap also challenges Defendant's costs as improper and/or excessive.

Defendant seeks $2,1490 in subpoena service fees of several witnesses.

Prevailing parties may recover service costs that do not exceed the Marshal Service's fees regardless of who effected service. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). The Marshal's Service charges $40 per hour for the first two hours and $20 for every hour thereafter plus $0.31 per mile. *Johnson v. City of Elgin*, 2002 WL 171971 (N.D. Ill. Feb. 1, 2002).

LaSalle's subpoena invoice # 11091 indicates that service for two people was a "rush" but does not indicate why rush service was required. LaSalle also has failed to provide the address of where service had taken place, the mileage for service, how long service took, and the amount charged per hour for service. Accordingly, the Court will award the minimum charged by the Marshal's service, $40 per person served with a subpoena. Therefore, LaSalle is awarded $80 for the cost of this subpoena service.

Invoice # 49020 is for service of two individuals. The invoice does not indicate the address of the service for either individual and indicates a total of four hours for service to be

4

completed. It also seeks costs for computer records, mileage, and mobile "TX". The number of miles and amount charged per mile is not indicated. Based on the invoice and LaSalle's affidavit, the Court is unable to determine if four hours for the service of two subpoenas was reasonable or if the amount of miles and the amount per mile charged was reasonable. Accordingly, the Court will award the minimum charged by the Marshal's service, $40 per person served with a subpoena. Therefore, LaSalle is awarded $80 for the cost of this subpoena service.

Invoice # 49284 is for service of two individuals. The invoice does not indicate the address of the service for either individual and indicates a total of twelve hours for service to be completed. It also seeks costs for mileage. The number of miles and amount charged per mile is not indicated. Based on the invoice and Defendant's affidavit, the Court is unable to determine if twelve hours for the service of two subpoenas was reasonable or if the amount of miles and the amount per mile charged was reasonable. Accordingly, the Court will award the minimum charged by the Marshal's service, $40 per person served with a subpoena. Therefore, LaSalle is awarded $80 for the cost of this subpoena service.

Invoice # 49228 does not indicate how many people were served, and LaSalle's affidavit in support of fees fails to indicate how many persons were served. The invoice does not indicate the address of the service and indicates a total of 5.3 hours for service to be completed. It also seeks costs for mileage and mobile "TX". The number of miles and amount charged per mile is not indicated. Based on the invoice and LaSalle's affidavit, the Court is unable to determine

how many subpoenas were served and if 5.3 hours for such service was reasonable or if the amount of miles and the amount per mile charged was reasonable. Accordingly, the Court will award the minimum charged by the Marshal's service for one person. Therefore, LaSalle is awarded $40 for the cost of this subpoena service.

Based on the above, LaSalle is awarded $280.00 in subpoena service fees.

Next, LaSalle seeks fees for obtaining deposition transcripts.

The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are "reasonably necessary". *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.00 as the rate per page for an original transcript, $4.00 per page for each expedited copy, $0.75 per page for the first copy of a transcript, and $0.50 per page for each additional copy to the same party.

Defendant seeks $270.25 for the deposition transcript, including delivery, of Fadia Sihwail. The invoice indicates a charge of $2.75 per page. This rate is below the established rate by the Judicial Conference and is awarded.

LaSalle seeks deposition transcript costs for Dr. Hamilton-Bennett, Dr. Wolf, and Donald Curenton at the rate of $4.20 per page for a total of 384 pages. The invoices do not indicate that the transcripts were expedited, and LaSalle does not explain why the transcripts would have been required on an expedited basis. Accordingly, LaSalle is awarded $3.00 per page for a total of

$1,152 for these three deposition transcripts.

LaSalle seeks a total of 286 pages for the deposition transcripts of Elmer and Ronald Sanglap on an expedited basis. Defendant does not explain why the transcripts were necessary on an expedited basis. Accordingly, LaSalle is awarded $3.00 per page for a total of $858. LaSalle also seeks $50 for two "minuscripts" of depositions. As a second copy, "minuscripts" are not recoverable. *See Winfrey v. City of Chicago*, 2000 WL 965854 (N.D. Ill. Aug. 22, 2000).

Based on the above, Defendant is awarded a total of $2,280.25 in deposition copy costs.

LaSalle also seeks a total of $600 in court reporter fees. The amount requested is based on a hourly rate of $40 per hour for the court reporter. This rate is not contested by Sanglap and is reasonable. Accordingly, $600 is awarded in court reporter fees.

Last, LaSalle seeks $9,994 for copies of all filings made with the court, one copy for each party and one for the Court. However, the invoice simply states that the charge is for photocopying at the rate of $0.10 per page. The invoices do not, nor does LaSalle's affidavit, describe what documents were copied. LaSalle avers in the affidavit that "copying costs include copies of documents necessarily obtained for use in this matter". Based on the information provided, the Court is unable to determine if these materials were reasonably necessary. Copying charges that are not discernable from the supporting documentation are not allowed. *See American Automotive Accessories v. Fishman*, 991 F. Supp. 995, 997 (N.D.Ill. 1998); *Falcon*, 2000 WL 1231403 at * 2. Accordingly, these copy charges cannot be assessed against Sanglap.

For the reasons stated above, LaSalle's motion for fees as the prevailing party is denied. LaSalle's Bill of Costs is granted in part and denied in part. LaSalle is awarded a total of $3,160.25 in costs ($280 + $2,280.25 + $600).

Dated: April 4, 2002

JOHN W. DARRAH
United States District Judge